UNITED STATES v. GIN DOCK SUE.

(District Court, N. D. California, First Division. October 8, 1915.)

No. 5493.

1. ALIENS ⬥⟫23(1)—DEPORTATION OF CHINESE PERSONS—DEFENSES.

That a Chinese person sought to be deported was a merchant or an attaché of the Chinese consular office did not prevent his deportation, where his status as such was acquired subsequent to his entry into the country surreptitiously, by escaping from detention quarters after he had been denied permission to land.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬥⟫23(1).]

2. ALIENS ⬥⟫23(1)—DEPORTATION OF CHINESE PERSONS—DEFENSES.

A Chinese person's right to enter the country as a returning merchant was a matter to be established regularly before the immigration officers at the time he applied to enter, and if their proceedings were unfair he might have appealed to the courts; and where, instead of doing this, he chose to enter the country by escaping from detention quarters after he had been denied permission to land, he was subject to deportation.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬥⟫23(1).]

Deportation proceeding by the United States against Gin Dock Sue. From an order of deportation, defendant appeals. Affirmed.

George A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Caspar A. Ornbaum, Asst. U. S. Atty., both of San Francisco, Cal.

DOOLING, District Judge. In July, 1908, Gin Dock Sue applied for admission at the port of San Francisco as a returning Chinese merchant. On August 26, 1908, his application to land was denied, and on appeal the order denying his application was affirmed. He then applied for a rehearing, but on November 26, 1908, and before such application was heard, he escaped from the detention quarters, and has ever since been within the United States. On December 8, 1908, his application for a rehearing was denied by the following order:

"San Francisco, Dec. 8, 1908.

"This man escaped from Pacific Mail Steamship dock and is a fugitive. Application for rehearing denied."

---

⬥⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Having been later found in this country, he was arrested, and after a hearing before the commissioner was ordered deported. From the order of deportation an appeal was taken to this court.

[1, 2] It is urged here, as it was urged before the commissioner, that respondent is a merchant, and that he is an attaché of the Chinese consular office in San Francisco. But whatever status he may have as an attaché of the consulate has been acquired since his escape from the immigration officers in 1908. I do not think that this method of entry into the country can be cured by thereafter becoming attached to a consular or other office. As to his mercantile status, if it existed before his escape, that was a matter to be established regularly before the immigration officers at the time that he applied to enter. If their proceedings were unfair in the investigation of that question, he might then have appealed to the courts. Instead of doing so, he chose to enter the country by escaping from custody. If the status was acquired after such escape, he can no more be heard to urge it here, as giving him a right to remain in this country, than he can be heard to urge his connection with the consulate. The law will not put such a premium upon surreptitious entries into the country as to permit one so entering to acquire a right to remain.

The order of deportation is therefore affirmed.